```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Joseph Tropeano,                   :
Susan Tropeano,                    :
                                   :
        Plaintiffs,                :
                                   :
        v.                         :       File No. 1:13-cv-17-jgm
                                   :
Rutland Pharmacy, Rutland          :
Pharmacy Pharmacists Larry         :
and Steve, CVS Pharmacy,           :
Gregory Danyow, Rite-Aid           :
Pharmacy, Rite-Aid                 :
Pharmacist Jack, Walmart           :
Pharmacy, Walmary Pharmacy         :
Pharmaceutical Staff,              :
Wilcox Pharmacy, Wilcox            :
Pharmacy Pharmaceutical            :
Staff, et al.,                     :
                                   :
        Defendants.                :
```

OPINION AND ORDER
(Docs. 1 and 3)

Plaintiffs Joseph and Susan Tropeano, proceeding *pro se*, are seeking injunctive relief in the form of a criminal investigation of over 300 defendants who are allegedly engaged in a broad conspiracy. Before the Court is the Tropeanos' motion to proceed *in forma pauperis*. Because they have made the showing of poverty required under 28 U.S.C. § 1915, their motion (Doc. 1) is GRANTED.

Also before the Court is the Tropeanos' motion to withdraw what has been labeled on the docket as their Proposed Complaint. For the reasons set forth below, the motion to withdraw (Doc. 3) is GRANTED and this case is DISMISSED.

Factual Background

Plaintiffs claim they are the victims of a "lethal cult" that has infiltrated the legal system, law enforcement, and the medical industry. Their current concern is that the cult is allegedly denying Susan Tropeano, a Type I diabetic, access to effective insulin. Plaintiffs allege that Susan Tropeano developed diabetes "as a result of the trauma, terror and shock of barely surviving under a NAZI-TERRORIST-POLICE STATE REGIME," and that the cult has been obtaining her insurance information and trafficking counterfeit insulin to the pharmacies at which she receives medications. (Doc. 1-3 at 14.)

With respect to the scope of the alleged cult's activities, the Tropeanos submit that

> Phyllis Lienwand with her lethal cult are [sic] very systematic by pre-meditating and contacting every conceivable government entity which are [sic] responsible to eradicate all willful, reckless, wanton acts of MALICE concerning medical and pharmaceutical corruption.  When these governmental entities are contacted, these entities abuse, mock and bully the Tropeanos to the extreme.
>
> It is a known fact that BRIBES, KICKBACKS and PAYOFFS are committed to these governmental entities and in return Susan Tropeano's life is SACRIFICED as she is left helpless; STRIPPED OF ALL LEGITIMATE INSULIN!

(Doc. 1-3 at 16.)  The Tropeanos claim that when they drive to a pharmacy, the parking lot and/or surrounding streets attract a "SWARM OF CULT CARS PARKED THERE AS WELL," and that photographs and videos can document this fact.  Id. at 21.  Their filing

explains that "[a]ll documents and evidence will be addressed when The United States Attorney et. al; investigates and prosecutes Phyllis Lienwand and her deadly, demonic cult, et. al; who created a lethal, nightmare existence for The Tropeanos . . . ." Id.

The Tropeanos have provided the Court with hundreds of pages of documents, including pleadings from prior federal litigation, copies of correspondence with federal law enforcement, and references to a series of YouTube videos featuring their discussions about, among other things, the alleged cult conspiracy. For relief, they ask the Court to "refer the Tropeanos' American Atrocity, precedent case to: A) The United States Attorney; B) Interstate Attorney Generals; [and] C) Bernie Sanders, et al . . . ." (Doc. 1-4 at 17.) They also request a cease and desist order with respect to Phyllis Lienwand and her alleged cult. Id.

## Discussion

The threshold issue before the Court is whether the Tropeanos have, in fact, initiated a civil action. Although they moved the Court to allow them "*to file this action* . . . without prepayment of fees and costs," (Doc. 1 at 1) (emphasis added), their papers specifically state that they "are NOT filing a court case." (Doc. 1-1 at 4.) When the Clerk's Office accepted their *in forma pauperis* motion and labeled much of the accompanying

documentation a "Proposed Complaint," the Tropeanos immediately submitted a notice to the Court stating that the "complaint" was filed without their consent, and asking that it be "IMMEDIATELY WITHDRAWN."  (Doc. 3 at 4-5.)  The motion to withdraw further explains that rather than filing a complaint, their intent was to file "an Emergency, Urgent Injunction to Save Their Lives! / It is not a Complaint/Lawsuit."  Id. at 2.

Under the Federal Rules of Civil Procedure, "[t]here is one form of action – the civil action."  Fed. R. Civ. P. 2.  The purpose of Rule 2 is to ensure that "there is a single procedural framework for all federal civil proceedings."  4 Charles A. Wright, et al., Federal Practice & Procedure § 1042 (3d ed. 2002).  Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  "The Advisory Committee Notes to Rule 3 state that the rule 'governs the commencement of all actions.'"  Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).  As one district court recently noted, "[a] motion for an injunction is not a complaint and does not suffice to start a civil action."  Fields v. Schaffer, 2007 WL 2892007, at *1 (E.D. Pa. Oct. 3, 2007).

The Tropeanos have come to this Court seeking injunctive relief.  In essence, they have asked the court to accept their documents, and to then "refer" the documents to prosecutors and

members of Congress.  However, if there is no complaint before the Court, there is no civil action and the Court cannot act on their request for relief.  See Fed. R. Civ. P. 2.[1]

Accordingly, the Tropeanos' motion to withdraw (Doc. 3) is GRANTED, and this case is DISMISSED under the provisions of Fed. R. Civ. 41(a)(1)(A) and (B).

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated at Brattleboro, in the District of Vermont, this 1st day of February, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

[1] Furthermore, decisions "whether to prosecute and what charge to file . . . are decisions that generally rest in the prosecutor's discretion."  United States v. Batchelder, 442 U.S. 114, 124 (1979); see also Heckler v. Chaney, 470 U.S. 821, 832 (1985) (noting that "it is the Executive who is charged by the Constitution to 'take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3"); see also, e.g., Tia v. Criminal Investigating Demand as Set Forth, 2010 WL 3064472, at *3 (D. Hawaii Aug. 5, 2010) (holding that the plaintiff lacked standing to ask the court to order the investigation or prosecution of any individual under the criminal provisions of the RICO Act).